IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RONALD K.,** | § | |
|       **PETITIONER,** | § | |
| | § | |
| **V.** | § | **CASE NO. 3:19-CV-1755-N-BK** |
| | § | |
| **JIMMY JOHNSON,** | § | |
|       **RESPONDENT.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Ronald K.'s amended petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition. Doc. 13. Petitioner, an alien detainee, challenges his detention pending removal under *Zadvydas v. Davis*, 533 U.S. 678 (2001). However, Respondent advises that the United States Immigration and Customs Enforcement removed Petitioner from the United States on September 24, 2019. Doc. 17 at 1. As such, the issue presented in the habeas petition is now moot.

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).

Petitioner's amended habeas petition only sought his release from custody pending removal. Doc. 13 at 17. And since he is no longer detained and has been removed from the

United States, his sole ground for relief is now moot. Thus, the Court lacks jurisdiction to consider his petition. *See Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (per curiam) (removal moots habeas petition seeking release from detention under *Zadvydas*); *Odus v. Ashcroft*, 61 F. App'x 121, 2003 WL 342719, 1 (5th Cir. 2003) (per curiam) (same).

Petitioner's petition for a writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction as moot. FED. R. CIV. P. 12(b)(1).

**SO RECOMMENDED** on October 2, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must specify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).